No. 02–1116.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 14, 2002.

*ORDER*

L.E. International, Ltd. moves without opposition to transfer its appeal to the United States Court of Appeals for the District of Columbia Circuit.

Upon consideration thereof,

IT IS ORDERED THAT:

The motion is granted.

INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES UNION and Industry Pension Fund, Plaintiffs–Appellees,

v.

DARNELL PAINTING CO., INC.,
Defendant/Third Party
Plaintiff–Appellant,

v.

Local Union No. 8 Brotherhood of Painters and Allied Trades, Gary, Indiana, and Stephen J. Smith, Third Party Defendant–Appellee.

No. 02–1258.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 15, 2002.

ORDER

The appellant, Darnell Painting Co., Inc., submits a letter to the court dated January 16, 2002, explaining that Darnell Painting's notice of appeal was intended to be taken to the U.S. Court of Appeals for the District of Columbia Circuit and not to the U.S. Court of Appeals for the Federal Circuit.

Upon consideration thereof,

IT IS ORDERED THAT:

1) The court treats the January 16, 2002, letter as a motion to transfer the appeal to the DC Circuit.

2) The motion is granted. The appeal is transferred to the U.S. Court of Appeals for the District of Columbia Circuit.

John A. BAILEY, PlaintiffAppellant,

v.

DART CONTAINER CORPORATION OF MICHIGAN, Defendant–Appellee.

No. 02–1216.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 25, 2002.

ORDER

The appeal having been docketed in er-

 

ror,*

IT IS ORDERED:

That the appeal is DISMISSED.

**E. Scott FRISON, Jr. and Lisa Ann Frison, Plaintiffs–Appellants,**

v.

**The Honorable Anthony PRINCIPI and United States, Defendants– Appellees.**

No. 02–1217.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 25, 2002.

### ORDER

GAJARSA, Circuit Judge.

E. Scott Frison, Jr. and Lisa Ann Frison (Frison) move for an injunction, pending appeal. The court considers whether Frison's appeal should be dismissed for lack of jurisdiction.

Frison sought a temporary restraining order and injunction in the United States District Court for the District of Maryland to bar the Department of Veterans Affairs from proceeding with evicting Frison from his home on February 26, 2002. On February 19, 2002, the district court stated that Frison should pursue his litigation, if at all, in state court. Frison appeals that order and seeks an injunction, pending appeal, from this court.

This court lacks jurisdiction to review the district court's order. The only possible basis for jurisdiction is 28 U.S.C. § 1346(a)(2), the Little Tucker Act. Under the Little Tucker Act, a district court shares jurisdiction with the Court of Federal Claims in nontax Tucker Act cases seeking damages not exceeding $10,000. However, Frison's suit for injunctive relief does not implicate the Tucker Act jurisdiction. *See Bowen v. Massachusetts,* 487 U.S. 879, 893, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (distinguishing an action for monetary damages under the Tucker Act from "an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with backpay, or for the 'recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions.'") Thus, any appeal of the district court's order should be directed to the United States Court of Appeals for the Fourth Circuit.

Accordingly,

IT IS ORDERED THAT:

(1) Frison's appeal is dismissed.

(2) Each side shall bear its own costs.

---

* Two identical appeals were transmitted by the District Court. This appeal has been previously docketed as 02–1165.